**FILED**
JH
NOV 2 0 2007 *aew*
Nov. 20, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07CV 6567
JUDGE MANNING
MAGISTRATE JUDGE NOLAN

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District N.D. of ILLINOIS |
|---|---|
| Name (under which you were convicted): CORTEZ D. COOPER | Docket or Case No.: |
| Place of Confinement: FCI SANDSTONE, MINNESOTA | Prisoner No.: 14046-424 |

| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
|---|---|
| v. | CORTEZ D. COOPER |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

    (b) Criminal docket or case number (if you know): 1:01-cr-01078-6

2. (a) Date of the judgment of conviction (if you know): Judgment was entered on the docket 04/03/2003 (Doc. 240) and 08/13/2004 (Doc. 403).

    (b) Date of sentencing: 01/20/2004 (Doc. 372) and 07/26/2005 (Doc. 468)

3. Length of sentence: 240 months concurrent to previous 120 months.

4. Nature of crime (all counts): Count 12 21:841C Substance-Sell, Distribute, or Dispense and 18:2 Aid and Abet. / Count 13 21:841C Substance-Sell, Distribute, or Dispense and 18:2 Aid and Abet. / Count 1 21:846 Distribute Controlled Substance and 18:2 Aid and Abet. / Counts 3 and 4 21:843B Communications Facility-Controlled Substance-Distribute. / Count 5 21:841A Controlled Substance-Sell, Distribute

5. (a) What was your plea? (Check one)

    (1) Not guilty ☒   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? Pled guilty to Counts 12 and 13 of the indictment. Pled not guilty to Counts 1, 3, 4, and 5 of the second superseding indictment.

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☒   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐

9. If you did appeal, answer the following:
   (a) Name of court: U.S. COURT OF APPEALS, SEVENTH CIRCUIT
   (b) Docket or case number (if you know): 05-3607
   (c) Result: Affirmed
   (d) Date of result (if you know): 23 AUGUST 2006
   (e) Citation to the case (if you know): 461 F.3d 850 (7th Cir. 2006)
   (f) Grounds raised: The district court erred in enhancing his second sentence pursuant to 21 U.S.C. § 851, and in denying his motion for a downward departure on the basis of vindictive prosecution.

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒
   If "Yes," answer the following:
   (1) Docket or case number (if you know): _____
   (2) Result: _____
   (3) Date of result (if you know): _____
   (4) Citation to the case (if you know): _____
   (5) Grounds raised: _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** Ineffective assistance of both trial and appellate council for failure to raise a "slam dunk winner" double jeopardy claim.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See page 7 infra.

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective assistance of council.

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____ N/A _____

Name and location of the court where the motion or petition was filed: _____ N/A _____

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available): _____ N/A _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐  No ☐                         N/A

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐  No ☐                         N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No ☐                         N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ N/A _____

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available): _____ N/A _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____ N/A _____

_____

_____

_____

_____

GROUND TWO: _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* <u>Petitioner's direct appeal was denied on August 23rd, 2006. See United States v. Cooper, 461 F3d 850 (7th Cir. 2006). Petitioner did not file a petition for cert. with the Supreme Court. It follows that 28 U.S.C. § 2255's one-year limitation period began on November 21st, 2006. See Clay v. United States, 537 U.S 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003) (For federal criminal defendants who do not file petition for certiorari with U.S. Supreme Court on direct review, 28 U.S.C. § 2255's one-year limitation period starts to run when time for seeking such review expires).</u>

<u>Petitioner's § 2255 motion is timely filed by virtue of the fact that it was filed with the court, pursuant to the prisoner mail box rule articulated by the Supreme Court in Houston v. Lack, 487 U.S. 266 (1988), on November 16th, 2007. See Proof of Filing infra.</u>

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
    (1) the date on which the judgment of conviction became final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: <u>vacate Petitioner's convictions resulting from the second superseding indictment and vacate petitioner's 240 month sentence resulting from said convictions</u>, or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on <u>November 15, 2007</u> _____ (month, date, year).

Executed (signed) on <u>Nov. 15, 2007</u> (date).

*Cortez Cooper*
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____ N/A _____

* * * * *

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civ. No.:_____ |
| Respondent/Plaintiff, | ) ) ) | U.S.D.C. No.: 1:01-CR-01078-6 |
| v. | ) ) | |
| CORTEZ D. COOPER, | ) ) | |
| Petitioner/Defendant. | ) ) | |

I

### GROUND ONE

### INEFFECTIVE ASSISTANCE OF BOTH TRIAL AND APPELLATE COUNCIL FOR FAILURE TO RAISE A "SLAM DUNK WINNER" DOUBLE JEOPARDY CLAIM

**A. BACKGROUND**

After a two-year undercover investigation, the Government filed a criminal complaint against Cooper and ten co-defendants. On December 12, 2001, federal agents arrested Cooper in his apartment, where they recovered a .357 caliber handgun, ammunition for a .22 caliber handgun, 32 grams of crack cocaine, and 111 grams of marijuana.

On February 14, 2002, Cooper entered into a proffer agreement with the Government. With his lawyer present, Cooper provided detailed information concerning his involvement with Hugh Rogers's drug operation. On April 18, 2002, a grand jury returned a 39 count indictment against Cooper and his ten co-defendants. The charges against Cooper included cocaine and cocaine base possession with intent to distribute, in violation of 21 U.S.C. § 841(a) and conspiracy to possess with intent to distribute, in violation of 21 U.S.C. § 846.

Shortly after the indictment, the Government tendered a plea

to Cooper. The plea agreement required Cooper to plead guilty to both possession with intent to distribute and conspiracy with intent to "distribute quantities ... in excess of 50 gram of cocaine base." In exchange the Government agreed to move for a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), to the higher of either two-thirds of the low end of the applicable Guidelines range or the 10-year statutory minimum sentence. On May 3, 2002, Cooper pled not guilty to all counts in the indictment, but the Government continued to negotiate a possible plea resolution over the next ten months. Cooper ultimately rejected the Government's proposed plea agreement on November 22, 2002.

On March 18, 2003, Pursuant to 21 U.S.C. § 851, the Government filed an information to give notice of it's intent to seek an enhanced sentence based on Cooper's prior narcotics conviction. Three weeks later Cooper plead guilty, without the benefit of a plea agreement, to only counts Twelve and Thirteen of the indictment, which charged him with possession. Cooper plead guilty to these counts because he was guilty of the conduct charged in those counts. Cooper, however, plead not guilty to the conspiracy count.

On April 17, 2003, the Government filed a superseding indictment ("first superseding indictment"), which added two counts of using a telephone to facilitate a drug offence to the conspiracy and possession charges. The Government advised Cooper that it was unwilling to withdraw the Section 851 notice and would be seeking a mandatory minimum 20-year enhanced sentence. Cooper pled not guilty to the superseding indictment, and upon the request of the Government this Court set a sentencing date for Counts Twelve and Thirteen of the original indictment.

-8-

On January 20, 2004, this Court sentenced Cooper to ten years' imprisonment for Counts Twelve and Thirteen. This was the mandatory minimum for the quantities involved in Counts Twelve and Thirteen, after the Section 851 enhancement. At sentencing this Court dismissed counts 1, 14, & 15 of the original indictment. See Docket Entry # 372. After Cooper was sentenced a modification was made by this Court dismissing the pending counts on indictment & information had been left pending at the time Cooper was sentenced:

> "01/20/2004 Modification: dismissing counts Cortez D Cooper (6) counts 1ss, 1, 14-15, 16. (Kmt) (Entered: 02/24/2004)."

Docket Entry No. 372, a copy of which is attached as Exhibit A.

On February 3, 2004, a Judgement and Commitment Order as to Cooper was issued by this Court to the U.S. Marshal. See Docket Entry No. 372; Exhibit A at "02/03/2004."

On June 17, 2004, the Government filed a second superseding indictment against Cooper, which added one count of possession of a firearm in furtherance of a drug trafficking crime to the distribution and conspiracy counts. On August 9, 2004, Cooper entered a plea of not guilty to the second superseding indictment. Four days later, on August 13, 2004, a jury found Cooper guilty of four counts (including the conspiracy count) and not guilty on two counts of the second superseding indictment.

On August 2, 2005, this Court sentenced cooper to 240 months' imprisonment for his conviction resulting from the second superseding indictment, to run concurrently with his 120-month sentence form the original indictment.

Cooper's claim for relief relates solely to his conviction and sentence relating to the second superseding indictment.

B. TIMLINE OF RELEVANT EVENTS

- 04/18/2002 - Indictment filed. Cooper charged in Counts 1, 12, 13, 14-15, and 16. Docket Entry No. 91.
- 08/14/2002 - Oral motion by Government to dismiss superseding information. Docket No. 161.
- 02/24/2003 & 03/18/2003 - Information and notice by USA pursaunt to 21 U.S.C. § 851 notice. Docket Entry No's. 214 & 227.
- 03/26/2003 - Change of plea motion made by Cooper. Docket Entry No. 232.
- 04/03/2003 - Cooper enters blind plea of guilty to Counts 12 and 13. Docket Entry No. 240.
- 04/17/2003 - Superseding indictment filed. Cooper charged with Counts 1s, 2s, 3s-4s, 5s-6s. Docket Entry No. 254.
- 05/01/2003 - Cooper enters plea of not guilty to superseding indictment. Docket Entry No. 258.
- 08/11/2003 - Superseding information filed. Cooper charged in count 1ss. Docket Entry No. 304.
- 08/12/2003 - Wavier of indictment by Cooper. Docket Entry No. 311.
- 08/14/2003 - Cooper granted leave to withdraw plea that was started on 8/12/2003. Cooper's waiver of indictment is withdrawn. Government's oral motion to dismiss superseding information granted, Count 1ss dismissed as to cooper. Matter referred to probation office for a presentence investigation as to counts 12 & 13.
- 01/20/2004 - Cooper sentenced to 120 months on counts 12 and 13. Counts 1, 14-15, 16 and 1ss dismissed. Superseding counts on indictment still pending. Docket Entry No. 372
- 02/03/2004 - Judgment and Commitment as to Cooper issued

to U.S. Marshal.  Docket No. 372.

- 06/17/2004 - Second superseding indictment filed.  Cooper charged in count 1sss, 2sss, 3sss, 4sss, 5sss, 6sss, 7sss.  Docket Entry No. 384.

- 08/09/2004 - Government's motion to dismiss count 2 of 2nd SS indictment granted.  Cooper enters plea of not guilty to superseding indictment.  Trial begins.  Docket Entry No. 395.

- 08/13/2004 - Jury verdict of guilty as to counts 1, 2, 4, and 5 of the second superseding indictment and not guilty as to counts 6 and 7 of the second superseding indictment.

### C. ARGUMENT

Petitioner submits that jeopardy attached when he plead guilty to counts 12 and 13 of the initial indictment and that said jeopardy was terminated when a Judgement and Commitment Order was made on Counts 12 and 13, which remanded Cooper to the custody of the U.S. Marshal on February 3rd, 2007. It is settled law that a judgment and commitment order in a criminal case resolves that case. Ergo, there can not be piecemeal prosecution and sentencing.

In the instant matter the government elected to have Cooper sentenced to Count 12 and 13 of Case No.:1:01-CR-01078-6. There is no legal question that if the government wanted to, that they could have proceeded to trial on the unresolved superseding indictment or even the second superseding indictment, and then held a <u>single sentencing hearing</u>. Had the government done this, jeopardy would have been continuous and not been terminated until the joint sentencing hearing. However, that is not what happened. The government elected to terminate jeopardy in Case No.:1:01-CR-01078-6 by moving this Court to sentence Cooper for Counts

11

12 and 13, to which he had elected a blind plea.

It is perhaps even arguable, that because the government did not move this Court to dismiss the superseding counts on indictment at sentencing, that jeopardy was continuous as to the superseding counts. The government, however, did not take Cooper to trial on the "pending" superseding counts. Instead, the government brought a second superseding indictment and took Cooper to trial on that indictment 7½ months after a judgment and commitment order had been issued in the same case. Moreover, the counts charged in the second superseding indictment were for the same course of conduct for which Cooper had already entered a guilty plea and been sentenced. All the evidence upon which the second superseding indictment is based was available to the government at the time that Cooper took his blind plea and was sentenced.

The practice of the government in Cooper's case would allow the government to bring an indictment, and then piecemeal convict and sentence a defendant for a variety of crimes stemming from the same course of conduct, through multiple successive superseding indictments. Such a practice is in direct contrivention of every citizens due process rights.

Cooper respectfully submits that his conviction can not stand because it violates the double jeopardy clause of the constitution.

Cooper further respectfully submits that both his trial counsel and his appellate counsel were ineffective for failing to raise this solid double jeopardy claim for relief.

### D. CONCLUSION

WHEREFORE, petitioner moves this Court to vacate his conviction and 240 month sentence relative to the second superseding indictment herein.

Dated: November 15, 2007

Respectfully submitted,

*Cortez Cooper*
Cortez D. Cooper

### VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 15th day of November 2007 at Pine County, Minnesota.

*Cortez Cooper*
Cortez D. Cooper

### PROOF OF FILING

I declare under penalty of perjury that on November 16, 2007 I filed the foregoing 28 U.S.C. § 2255 motion with the clerk of the U.S. District Court, pursuant to Houston v. Lack, 487 US 266 (1988), by placing an original and two copies in a sealed envelope first class postage prepaid and depositing same in the outgoing mail at FCI Sandstone addressed as follows:

Clerk of Court
U.S. District Court
219 S. Dearborn St.
Chicago, IL 60604

Dated: November 15, 2007

*Cortez Cooper*
Cortez D. Cooper

13

EXHIBIT A

| 11/04/2003 | 350 | ~~RETURN of service of Preliminary/Order/Publication executed upon Huigh Rogers on 10/9/03 by certified mail (Attachments) (yap) (Entered: 11/05/2003)~~ |
|---|---|---|
| 11/07/2003 | 353 | ~~MINUTE ORDER of 11/7/03 by Hon. Blanche M. Manning as to Cortez D Cooper ; Sentencing set to 12/4/03 at 11:30 a.m. Mailed notice (yap) (Entered: 11/10/2003)~~ |
| 11/24/2003 | 356 | RESPONSE by USA to defendant's PSR's objections [345-1]. Notice (yap) (Entered: 11/25/2003) |
| 01/07/2004 | 359 | ~~MINUTE ORDER of 1/7/04 by Hon. Blanche M. Manning as to Cortez D Cooper; Enter minute order nunc pro tunc to 12/4/03. Sentencing held and continued to 1/8/04 at 11:30 a.m. Mailed notice (yap) (Entered: 01/08/2004)~~ |
| 01/08/2004 | 367 | ~~MINUTE ORDER of 1/8/04 by Hon. Blanche M. Manning as to Cortez D Cooper ; Sentencing not held. Sentencing reset to 1/20/04 at 11:30 a.m. Mailed notice (yap) (Entered: 01/21/2004)~~ |
| 01/09/2004 | 360 | ~~LETTER from the 7th Circuit: Retaining the record on appeal no. 03-3139; The record that was filed with this court in this cause will be returned at a later date. (yap) (Entered: 01/12/2004)~~ |
| 01/20/2004 | 368 | ~~MINUTE ORDER of 1/20/04 by Hon. Blanche M. Manning as to Cortez D Cooper; Status hearing set for 3/5/04 at 11:00 a.m. Sentencing held. Time excluded to 3/5/04 pursuant to 18:3161(h)(8)(B)(i). Mailed notice (yap) (Entered: 01/21/2004)~~ |
| 01/20/2004 | 369 | MINUTE ORDER of 1/20/04 by Hon. Blanche M. Manning as to Cortez D Cooper: For the reasons set forth in the attached Memorandum and Order, the court overrules in part and sustains in part Cooper's objections [349-1]. It is so ordered. Entered Memorandum and Order. Mailed notices by judge's staff (yap) (Entered: 01/22/2004) |
| 01/20/2004 | 372 | SENTENCING/Judgment and Commitment Order of 1/20/04 by Hon. Blanche M. Manning ; Sentencing Cortez D Cooper (6) count(s) 12, 13 . The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of one-hundred and twenty (120) months. The defendant is remanded to the custody of the United States Marshal. Additional imprisonment terms. |

|  |  | Upon release from imprisonment, the defendant shall be on supervised release for a term eight (8) years. Additional supervised release terms. Criminal monetary penalties. Schedule of payments. (Attachment).; dismissing counts Cortez D Cooper (6) count(s) 1, 14 -15. Remaining counts on original indictment are dismissed on the motion of the United States. Superseding counts on indictment still pending. (Attachment) Mailed notice (yap) Modified on 02/03/2004 (Entered: 02/03/2004) |
|---|---|---|
| 01/20/2004 |  | Modification: dismissing counts Cortez D Cooper (6) count(s) 1ss, 1, 14 -15, 16. (kmt) (Entered: 02/24/2004) |
| 02/03/2004 |  | JUDGMENT and Commitment as to Cortez Cooper issued to U.S. Marshal (yap) (Entered: 02/03/2004) |
| ~~03/05/2004~~ | ~~375~~ | ~~MINUTE ORDER of 3/5/04 by Hon. Blanche M. Manning as to Cortez D Cooper : Status hearing re-set for 3/19/04 at 11:00 a.m. Mailed notice (yap) (Entered: 03/08/2004)~~ |
| ~~03/08/2004~~ | ~~376~~ | ~~MINUTE ORDER of 3/8/04 by Hon. Blanche M. Manning as to Cortez D Cooper: Status hearing re-set for 3/30/04 at 11:00 a.m. Time excluded to 3/30/04 pursuant to 18:3161(h)(8)(B)(iv). Mailed notice (yap) (Entered: 03/09/2004)~~ |
| ~~03/30/2004~~ | ~~379~~ | ~~MINUTE ORDER of 3/30/04 by Hon. Blanche M. Manning as to Cortez D Cooper: Status hearing held and continued to 5/25/04 at 11:30 a.m. Defendant's pretrial motions to be filed by 5/14/04. Government's response to be filed by 5/28/04. Any replies to be filed by 6/7/04. Time excluded to 5/25/04 pursuant to 18:3161(h)(8)(1)(F). Mailed notice (yap) (Entered: 03/31/2004)~~ |
| ~~05/20/2004~~ | ~~380~~ | ~~MINUTE ORDER of 5/20/04 by Hon. Blanche M. Manning as to Cortez D Cooper : Status hearing reset to 5/28/04 at 11:00 a.m. Time excluded to 5/28/04 pursuant to 18:3161(h)(8)(B)(i). Mailed notice (yap) (Entered: 05/21/2004)~~ |
| 05/28/2004 | 381 | MINUTE ORDER of 5/28/04 by Hon. Blanche M. Manning as to Cortez D Cooper: Status hearing held. Jury trial set to 8/16/04 at 10:30 a.m. A summary of the case, list of witnesses and parties seated at each table to be submitted on the day of trial. Time excluded to 8/16/04 pursuant to 18:3161(h)(8)(B)(i). Mailed notice (yap) (Entered: 06/01/2004) |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civ. No.:_____ |
| Respondent/Plaintiff, | ) | U.S.D.C. No.:1:01-CR-01078-6 |
| v. | ) | |
| CORTEZ D. COOPER, | ) | |
| Petitioner/Defendant. | ) | |

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Cortez D. Cooper
Reg. #14046-424- C
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072-1000

Petitioner/Defendant Pro Se