UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case Nos. 07 C 6567 |
| | ) | 01 CR 1078 |
| CORTEZ COOPER | ) | Judge Blanche M. Manning |
| | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SECTION 2255 MOTION**

The UNITED STATES OF AMERICA, through its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully responds to defendant Cortez Cooper's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. In support of its response, the government states as follows:

On April 18, 2002, defendant Cortez Cooper ("Cooper") was charged, along with ten co-defendants, in a 39-count indictment alleging, *inter alia*, that Cooper engaged in a conspiracy to possess with intent to distribute powder and crack cocaine in violation of 21 U.S.C. § 846 (Count One). Defendant was also charged with three counts of possession with intent to distribute mixtures containing cocaine and cocaine base, in violation of Title 21, United States Code, Section 841(a)(1) (Counts Twelve, Thirteen and Fourteen), one count of possession with intent to distribute mixtures containing marijuana, in violation of Title 21, United States Code, Section 841(a)(1) (Count Fifteen), and one count of using a communication facility, namely, a telephone, to facilitate a narcotics transaction, in violation of Title 21 United States Code, Section 843(b) (Count Sixteen).

On May 3, 2002, defendant entered a plea of not guilty to all counts of the indictment.

On April 3, 2003, Cooper entered a "blind" plea of guilty, that is, a plea without an agreement with the government, to Counts Twelve and Thirteen of the indictment, which charged him with possession with intent to distribute 62 grams of powder cocaine and 9.2 grams of crack cocaine.

On April 17, 2003, a six-count superseding indictment was returned against Cooper charging him with: (1) a conspiracy to possess with intent to distribute powder and crack cocaine, in violation of 21 U.S.C. § 846 (Count One); (2) three counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a) (Counts Two, Five and Six); and (3) two counts of using a telephone to facilitate a drug offense, in violation of 21 U.S.C. § 843(b) (Counts Three and Four). On May 1, 2003, defendant entered a plea of not guilty to the superseding indictment.

On January 20, 2004, defendant was sentenced to 120 months' incarceration on Counts Twelve and Thirteen of the original indictment.

Then, on June 17, 2004, a seven-count second superseding indictment was returned against Cooper charging him with: (1) a conspiracy to possess with intent to distribute powder and crack cocaine in violation of 21 U.S.C. § 846 (Count One); (2) three counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a) (Counts Two, Five and Six); (3) two counts of using a telephone to facilitate a drug offense, in violation of 21 U.S.C. § 843(b) (Counts Three and Four); and (4) one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Seven).

On August 9, 2004, the government dismissed Count Two of the second superseding

indictment and the defendant entered a plea of not guilty to the remaining counts of the second superseding indictment. That same day, August 9, 2004, a jury trial began on the remaining six counts of the second superseding indictment.

On August 13, 2004, a jury found Cooper guilty of Counts One, Three, Four and Five of the second superseding indictment. Cooper was found not guilty of Counts Six and Seven of the second superseding indictment. Significantly, the jury found that it was foreseeable that the conspiracy "involved 50 grams or more ... of cocaine base."

On January 3, 2005, defendant's attorney filed a number of objections to the presentence investigation report. Among his objections, defendant claimed that the government violated the Double Jeopardy Clause by seeking to use drug amounts from his first sentencing (January 2004) for purposes of calculating the sentence for his subsequent convictions. On July 26, 2005, this Court rejected defendant's Double Jeopardy claim and found that it was specifically precluded by the Supreme Court in *Witte v. United States*, 515 U.S. 389, 397 (1995). 7/26/05 Mem. Op. at 7-8.

On August 2, 2005, defendant was sentenced to 240 months imprisonment on the second superseding indictment (to run concurrently with Cooper's 120-month sentence from January 20, 2004 on the original indictment).

Defendant appealed his conviction to the Seventh Circuit, claiming that he was not eligible for a sentencing enhancement under 18 U.S.C. § 851, and that he was subjected to "vindictive prosecution." The court reject defendant's claims and affirmed his sentence in *United States v. Cooper*, 461 F.3d 850 (7th Cir. 2006).

On November 15, 2007, defendant filed his motion pursuant to 28 U.S.C. § 2255. In his motion, defendant claims that he was provided "ineffective assistance of both trial and appellate counsel" for his attorney's failure to raise a "slam dunk winner" double jeopardy claim. Def. Motion at 3. Specifically, defendant argues that sentencing him on two separate occasions – once on the counts of the indictment to which he pled guilty and once on the counts for which the jury convicted him in the second superseding indictment – his second sentencing and conviction violated the Double Jeopardy Clause of the Constitution. *Id.* at 12.

## I. Defendant Was Not Denied Effective Assistance of Counsel

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. "It has long been recognized that the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth its two-part test for ineffective assistance of counsel claims; a defendant must demonstrate that the representation: (1) "fell below an objective standard of reasonableness," *id.* at 688; and (2) prejudiced the defendant, *id.* at 694. To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

A claim of ineffective assistance of appellate counsel is also evaluated under the two-pronged *Strickland* test. *Howard v. Gramley*, 225 F.3d 784, 789-90 (7th Cir. 2000).

The Seventh Circuit "deem[s] performance insufficient when counsel omits a 'significant and obvious issue' without a legitimate strategic reason for doing so. . . . We find prejudice 'when that omitted issue may have resulted in a reversal of the conviction, or an order for a new trial.'" *Id.*, quoting *Mason v. Hanks*, 97 F.3d 887, 893 (7th Cir. 1996).

In the present case, as this Court already determined in its July 26, 2005 opinion, Cooper's Double Jeopardy claim is without merit. Indeed, since this claim was raised by defendant's trial counsel prior to his second sentencing, defendant's claim that his trial attorney "failed to raise [the claim]" is simply wrong. Even if defendant's claim had been raised in the precise way he articulates it in his present motion, however, defendant's claim would still be without merit.

In *United States v. Hatchett*, 245 F.3d 625 (7th Cir. 2001), the Seventh Circuit explained:

[T]he Double Jeopardy Clause proscribes multiple punishments for a single offense only when those punishments are imposed in successive proceedings. With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended. The presumption is that the legislature did not intend to impose two punishments for a single offense. Of course, **the first question a court must answer in any such case is whether indeed the defendant has been punished twice for the same offense**.

*Id.* at 630 (citations omitted) (emphasis added).

In the present case, the clearly has not been punished twice for the same offense. Indeed, at defendant's prior sentencing, both the defendant and this Court agreed that the conduct defendant admitted to – delivering narcotics on May 1, 2001 – was not part of "the same course of conduct" as the charged conspiracy. *See* 1/20/04 Mem. Op. at 13. Even if it was part of the same course of conduct, however, the conspiracy, phone counts and possession counts from

December 2001, were unquestionably separate offenses involving separate elements. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not").

As for this Court's consideration of the drug amounts as "relevant conduct" at the second sentencing, the case law is clear that this is not a violation of the Double Jeopardy Clause. *Witte v. United States*, 515 U.S. 389, 397 (1995). Under any legal analysis, defendant is not being punished twice for the same offense – the possession with intent crimes from May 1, 2001. Cooper's second sentence was explicitly geared towards punishing him for engaging in a conspiracy to possess with intent to distribute more than 50 grams of cocaine base – triggering the mandatory minimum 240-month sentence. Moreover, the 240-month sentence imposed by this Court on August 2, 2005 was concurrent to the 120-month sentence from January 20, 2004 from the original indictment. Thus, this Court assured that Cooper was not prejudiced or given additional punishment from his earlier sentencing. Cooper was ultimately in the same jeopardy (and received the same sentence) as if he had gone to trial on the original indictment and been convicted. As such, punishment for these offenses cannot violate prohibitions in the Double Jeopardy Clause.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the United States respectfully requests that this Court deny defendant Cortez Cooper's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

By:   /s/ Eric H. Sussman
        ERIC H. SUSSMAN
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-1412

## CERTIFICATE OF SERVICE

      The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

**Government's Response to Defendant's Section 2255 Motion**

were served pursuant to the district court's ECF system as to ECF filers, if any, and were sent by first-class mail on December 19, 2007, to the following non-ECF filers:

    Cortez Cooper
    Inmate Number 14046-424
    Sandstone -FCI
    P.O. 1000
    Sandstone, Minnesota 55072

                                        /s/ Eric H. Sussman
                                        ERIC H. SUSSMAN
                                        Assistant United States Attorney
                                        219 South Dearborn Street
                                        Chicago, Illinois 60604
                                        (312) 353-1412