

Cortez D. Cooper
Reg. #14046-424-C
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072-1000

Petitioner/Defendant Pro Se

**FILED**

FEB 1 2008 MB

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Respondent/Plaintiff,  )<br>  )<br>v.  )<br>  )<br>CORTEZ D. COOPER,  )<br>  )<br>  Petitioner/Defendant.  )<br>_____) | Case Nos. 07 C 6567<br>         01 CR 1078<br><br>**PETITIONER'S/DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S SECTION 2255 MOTION**<br><br><br>Judge Blanche M. Manning |

To the Honorable Judge Blanche M. Manning, District Court Judge, Northern District of Illinois:

Petitioner Cortez D. Cooper (hereinafter Cooper) respectfully submits his response to the Government's Response to his Section 2255 motion.

I

**THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF BOTH TRIAL AND APPELLATE COUNCIL FOR FAILURE TO RAISE A "SLAM DUNK WINNER" DOUBLE JEOPARDY CLAIM**

   A.  Standard of Review

The Government correctly states the standard of review for claims of ineffective assistance of counsel. **GOVENMENT'S RESPONSE** at Page 4.

   B.  Defendant's Trial Council <u>Did</u> <u>Not</u> Raise the Double Jeopardy Claim Raised By Defendant in His Section 2255 Motion

The Government correctly asserts that on January 3, 2005, Defendant's Council filed objections to the Presentence Investigation Report, which included a claim that the "[G]overnment violated the Double Jeopardy Clause by seeking to use drug amounts from [Cooper's] first sentencing (January 2004) for purposes of calculating the sentence for his subsequent convictions." **GOV. RESPONSE at p. 3.** The Government also correctly asserts that this Court correctly ruled that this Double Jeopardy claim was without merit citing to Witte v. United States, 515 U.S. 389, 397 (1995). **GOV. RESPONSE at p. 5 & p. 6.**

However, the Government's argument that Cooper's claim that "his trail attorney 'failed to raise [the Double Jeopardy claim asserted in Cooper's Section 2255 Motion]' is simply wrong" **(GOV. RESPONSE at p. 5)** is itself categorically wrong. While Cooper's Council did raise a Double Jeopardy claim, the claim raised by Council is distinctly different from the claim raised by Cooper in his Section 2255 Motion.

The Double Jeopardy claim raised by Cooper's Council was that it was Double Jeopardy for this court to consider the drug amounts from his initial sentencing as relevant conduct in his second sentencing. Cooper's Council's Double Jeopardy claim failed to raise the critical element of Cooper's instant Double Jeopardy claim. In a nut shell Cooper's Double Jeopardy claim is that the Government violated the Double Jeopardy Clause when they took him to trial on a <u>second</u> superseding indictment, after requesting that Cooper be sentenced to Count's 12 and 13 of the original indictment, to which Cooper had entered a blind plea of guilty. As is set forth herein <u>supra</u>, this Double Jeopardy claim for relief

-2-

is factually and legally distinguishable from the Double Jeopardy claim raised by Cooper's trial council and, contrary to the Government's position, has never been raised by either trial or appellate council and has never been adjudicated by any court.

    C.    **Defendant Was Put In Jeopardy Twice For The Same Conduct**

On April 18, 2002, Cooper was indicted (original indictment). **DOCKET NO. 91.** In the original indictment Cooper was named in Counts 1 (conspiracy), 12, 13, 14-15 and 16. **Id.** A little over eleven months later, on April 3rd, 2003, Cortez Cooper entered blind plea of guilty to Counts 12 and 13 of the original indictment. **DOCKET NO. 240.** Fourteen days later, on April 17, 2003, just one day shy of a year from the date on which the Government brought the original indictment, the Government brought a superseding indictment (first superseding indictment). **DOCKET NO. 254.** The first superseding indictment charged Cooper in Counts 1s (conspiracy), 2s, 3s-4s and 5s-6s. **Id.** Cooper entered a plea of not guilty to the first superseding indictment on May 1, 2003. **DOCKET NO. 258.** On August 11, 2003, the Government filed a superseding information charging Cooper in Count 1ss. **DOCKET NO. 304.** On August 14, 2003, the Government made an oral motion to dismiss the superseding information. This Court granted the Government's motion and request to calendar a sentencing date with respect to Cooper's plea of guilty to Counts 12 and 13 of the original indictment. **DOCKET NO. 312.** On January 20, 2004, Cooper was sentenced to 120 months on Counts 12 and 13 of the original indictment. Counts 1, and 14-15 of the original indictment were dismissed. **DOCKET NO. 381.** On the same day a modification was filed to include dismissing Count 16 of the

the original indictment and Count 1ss of the superseding information. Id. On February 3, 2004 Judgment and commitment of Cortez Cooper to the U.S Marshal was entered. **DOCKET NO. NOT ASSIGNED, PRESUMABLY 374.**

On May 28, 2004, Cooper's jury trial on the first superseding indictment was set for August 16, 2004. **DOCKET NO. 381.** However, prior to trial, on June 17, 2004, the Government filed a second superseding indictment, which charged Cooper with Counts 1sss, 2sss 3sss, 4sss, 5sss, 6sss and 7sss. **DOCKET NO. 384.** On August 9, 2004, the Government's oral motion to dismiss Count 2sss of the second superseding indictment was granted and Cooper's jury trial began. **DOCKET NO. 395.** On August 13, 2004 Cooper was found guilty of Counts 1sss, 3sss, 4sss and 5sss of the second superseding indictment and not guilty of count 6sss and 7sss of the second superseding indictment. **DOCKET NO 403.**

Two aspects of Cooper's case are critical to his Double Jeopardy claim: 1) that after entering a blind plea to counts 12 and 13 of the original indictment the Government asked the Court to sentence Cooper; and 2) the Government did not take Cooper to trial on the first superseding indictment, which had been filed prior to Cooper's guilty plea and sentencing and which had been expressly preserved at Cooper's sentencing, but instead took Cooper to trial on a second superseding indictment. The original indictment, the first superseding indictment and the Second superseding indictment were all based on the same course of conduct. Also critical to Cooper's Double Jeopardy claim is the fact that the second superseding indictment included charges of a different nature than the charges brought in the original and

-4-

first superseding indictments (conspiracy to commit a violent crime/drugs/machine gun, Count 7sss). Nor was this charge based upon new information developed subsequent to issuing the first superseding indictment. The simple truth is that the Government was not satisfied that Cooper received a 120 month sentence so they drafted a second superseding indictment to ensure that Cooper would receive a minimum of a 240 month sentence. **GOV. RESPONSE at p. 6** ("Cooper's second sentence was explicitly geared towards punishing him for engaging in a conspiracy to possess with intent to distribute more than 50 grams of cocaine base - triggering the mandatory minimum 240-month sentence.").

The Government's position is that there was no Double Jeopardy Clause violation. The Government argues that because Cooper's second sentence was run concurrent with his first sentence that "Cooper was not prejudiced or given additional punishment from his earlier sentence [and that] Cooper was ultimately in the same jeopardy (and received the same sentence as if he had gone to trial on the original indictment and been convicted." **Ibid.** The Government's Double Jeopardy analysis focuses exclusively on the double punishment aspect of the Double Jeopardy Clause and thus misses the mark.

The original indictment in this matter was fully resolved on January 20, 2004, when at the request of the Government, this Court sentenced Cooper to Counts 12 & 13 and dismissed all the remaining counts against Cooper. Had the Government taken Cooper to trial on the first superseding indictment or even the second superseding indictment prior to having him sentenced there would not have been any Double Jeopardy Clause violation. Arguably, even if the Government had taken Cooper to trial on the first superseding

indictment which it expressly preserved at Cooper's sentencing, there would not have been any Double Jeopardy Clause violation. That, however is not what happened. Because a Judgment and commitment order had been issued which fully resolved the original indictment, once the preserved first superseding indictment was superseded by a second superseding indictment (which contained a gun charge not charged in any form in either the original or the preserved first superseding indictment) the jeopardy attached to the original and preserved first superseding indictments was terminated and Cooper was subjected to a different jeopardy based on the same conduct. Ergo the second superseding indictment is a second prosecution for the same conduct that was the subject of the prosecution under the original and preserved first superseding indictment.

The Double Jeopardy Clause issue presented here was addressed by the Seventh Circuit in United States v. Calabrese, 490 F.3d 575, 577 (7th Cir. 2007):

> The purpose of the Fifth Amendment's double jeopardy clause is to prevent the government from harassing people by prosecuting them for the same conduct that was the subject of a prior prosecution. . . . Even when the initial prosecution is successful, allowing the government to prosecute the defendant again for the same crime, perhaps long after he has been released from prison, would result in punishment beyond what law allows. For even if the defendant received the same sentence and it was made to run concurrently with the sentence impose in the first prosecution, he would have been subjected to the burden of a second trail. . . . 'The burden of a second trial is one of the harms that the double-jeopardy clause is intended to prevent, and [it is] a harm that (unlike the harm of conviction) is irreparable once the second trial has been conducted.' Reimnitz v. States's Attorney of Cook County, 761 F.2d 405, 410 (7th Cir. 1985).

In the instant matter the conspiracy count for which Cooper was convicted and sentenced to 240 months pursuant to his second

-6-

prosecution under the second superseding indictment was also charged in the prosecuted and resolved (by a Judgment and Commitment Order) original and preserved first superseding indictment. This violates the Double Jeopardy Clause:

> The government may not bring a second prosecution under a statute the elements of which are included in the elements of the statute under which the defendant was previously prosecuted. (citations omitted)

Calabrese, 490 F.3d at 579.

Calabrese also cites to United States v. Lopez, 356 F.3d 463, 467 (2nd Cir. 2004) for the proposition that while the government is not required to charge in its first prosecution of a person all the possible offenses that the facts in the government's possession would enable it to charge "it can still be precluded from bringing 'a later prosecution for a separate offense where the Government has lost an earlier prosecution involving the same facts.'" Calabrese, 490 F.3d at 580.

In Lopez the defendant filed a motion to dismiss a superseding indictment based on the Double Jeopardy Clause, arguing that the conspiracy to which he had pled guilty in 1997 was exactly the same conspiracy with which he was charged and convicted of pursuant to a superseding information filed in 1997. On April 21, 1995, Jesus Rivera, Jr. was charged in a three count indictment with conspiring to possess with intent to distribute and to distribute 5 or more kilograms of a substance containing cocaine. In May of 1997 a superseding information was filed with respect to Count I of the 1995 indictment. Mr. Rivera entered a plea agreement, pleading guilty to the superseding information and was sentenced to 90 months. On July 16, 1998, a newly empaneled grand jury issued a

multi-count indictment against Rivera and others. A superseding indictment was returned on February 25, 1999. Lopez, 356 F.3d at 464-465. Mr. Rivera filed a motion to dismiss the superseding indictment, the trial judge, however did not make a final ruling on the motion and set the matter for trial. Mr. Rivera then plead guilty to count 1 of the superseding indictment and was sentenced to 235 months to run concurrent with the undischarged portion of Mr. Rivera's sentence from his previous guilty plea. The court of appeals reversed Mr. Rivera's conviction on Double Jeopardy grounds, because count one of the superseding information which formed the basis of Rivera's initial conviction and sentence was for the same course of conduct charged in Count 1 of the superseding indictment. Lopez 356 F.3d at 469.

Quoting from Ohio v. Johnson, 467 U.S. 493, 498-499, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984), Lopez points out that the "primary purpose" of the Double Jeopardy Clause is "to ensure 'that the State does not make repeated attempts to convict an individual, thereby exposing him to continued embarrassment, anxiety, and expense, while increasing the risk of an erroneous conviction or and impermissibly enhanced sentence.'" Lopez, 356 F.3d at 467.[1]

The same decision reached by the Lopez court is required under the facts of this case. Cooper trial and conviction under the second superseding indictment violated the Double Jepordy clause

I

## CONCLUSION

WHEREFORE Cooper respectfully moves this Court to vacate his conviction and 240 month sentence stemming from the second superseding indictment while leaving his 120 month sentence

---

[1] See also United States v. Maslin, 356 F.3d 191 (2nd Cir. 2004) (same)

-8-

stemming from the original indictment intact.

Dated: January 28, 2008                                    Respectfully Submitted,

*[signature]*
Cortez D. Cooper

### PROOF OF FILING

    I declare under penalty of perjury that on January 28, 2008, I filed the foregoing PETITIONER'S/DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S SECTION 2255 MOTION with the Clerk of the United States District Court, Northern District of Illinois, pursuant to the prison mail box rule, by placing an original and two copies in a sealed envelope, First Class Postage prepaid, and depositing same in the outgoing mail at FCI Sandstone addressed as follows:

Clerk of the U.S. District Court
Northern District of Illinois
United States Court House
219 South Dearborn Street
Chicago, Illinois 60604

*[signature]*
Cortez D. Cooper

### PROOF OF SERVICE

    I declare under penalty of perjury that on January 28, 2008, I served the United States Attorney a true and correct copy of the foregoing PETITIONER'S/DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S SECTION 2255 MOTION, by placing same in a sealed envelope, First Class Postage prepaid, and placing same in the outgoing mail at FCI Sandstone addressed as follows:

Erick H Sussman
Assistant United States Attorney
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604

*[signature]*
Cortez D. Cooper