## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6567 | **DATE** | February 28, 2008 |
| **CASE TITLE** | *United States v. Cooper* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 is denied. Civil case terminated.

■[ For further details see text below.]

00:00

## STATEMENT

    Before the court is Cortez Cooper's timely motion to vacate his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion is denied.

**Background**

    The procedural background of this case is somewhat convoluted so this order sets forth only those facts that are relevant to Cooper's current § 2255 motion. On April 18, 2002, Cooper and ten co-defendants were charged in a 39-count Initial Indictment, which alleged that they conspired to distribute cocaine and cocaine base on the south side of Chicago from 1992 until their arrest in 2001. In addition to the conspiracy count (Count 1), the Initial Indictment named Cooper in five separate counts--Counts 12 to 16. Counts 12 and 13 alleged that on May 1, 2001, Cooper knowingly and intentionally possessed with the intent to distribute 62 grams of cocaine and 9.2 grams of cocaine base, in violation of 18 U.S.C. § 841(a)(1).

    On April 3, 2003, Cooper entered a blind plea to Counts 12 and 13. On April 17, 2003, two weeks after his blind plea, a six-count Superseding Indictment was returned solely against Cooper. Count 1 charged that Cooper conspired with codefendants and others to distribute in excess of five kilograms of cocaine powder and in excess of 50 grams of cocaine base.

    On January 20, 2004, Cooper was sentenced to 120 months' imprisonment on Counts 12 and 13 of the original indictment.

    Subsequently, a Second Superseding Indictment was returned on June 17, 2004. This indictment was the same as the First Superseding Indictment, except that it added a charge of possession of a firearm in furtherance of the above offenses (Count 7). Cooper entered a plea of not guilty to the Second Superseding Indictment on August 9, 2004. That same day, a trial began on the remaining counts of the Second Superseding Indictment (Count 2 was dismissed by the government) and Cooper was ultimately found guilty of Counts 1, 3, 4 and 5 and not guilty of Counts 6 and 7.

    On August 2, 2005, Cooper was sentenced to 240 months' imprisonment (to run concurrently with the 120 months' imprisonment earlier imposed on Counts 12 and 13) on the counts in the Second Superseding Indictment for

**STATEMENT**

which he was found guilty.

Cooper appealed his sentence arguing that he was not eligible for a sentencing enhancement under 18 U.S.C. § 851 and that he was the victim of a vindictive prosecution. The Seventh Circuit rejected Cooper's challenges and affirmed this court's sentence. *United States v. Cooper*, 461 F.3d 850 (7th Cir. 2006).

Cooper has now filed a motion to vacate under 28 U.S.C. § 2255 in which he claims ineffective assistance of both trial and appellate counsel based on their failure to raise a "slam dunk winner" double jeopardy claim.

**Analysis**

Cooper argues that jeopardy attached when he pled guilty to Counts 12 and 13 of the Initial Indictment and that jeopardy terminated when the judgment and commitment order was entered on February 3, 2004, as to those counts. According to Cooper, the judgment and commitment entered on Counts 12 and 13 "resolved" the case and the subsequent prosecution and sentencing on the conspiracy count in the Second Superseding Indictment was improper.

With respect to the ineffective assistance of counsel claim, a petitioner bears a "heavy burden in proving that [his] attorney rendered ineffective assistance of counsel." *U.S. v. Holland*, 992 F.2d 687, 691 (7th Cir. 1993). To prevail, the petitioner must establish that: (1) his attorney's representation "fell below an objective standard of reasonableness"; and (2) his defense was prejudiced by this deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner bears the burden of both proof and persuasion that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment ... [and] that the deficient performance prejudiced the defense." *U.S. v. Davenport*, 986 F.2d 1047, 1049 (7th Cir. 1993), *quoting Strickland*, 466 U.S. at 687. The *Strickland* test also applies to claims of ineffective assistance of appellate counsel. *Howard v. Gramley*, 225 F.3d 784, 789-90 (7th Cir. 2000).

The double jeopardy clause bars a second prosecution for the same offense after either an acquittal or a conviction, and prohibits the imposition of multiple punishments for the same offense. *United States v. Church*, 970 F.2d 401, 407 (7th Cir. 1992). Accordingly, "[t]he government may not bring a second prosecution under a statute the elements of which are included in the elements of the statute under which the defendant was previously prosecuted." *U.S. v. Calabrese*, 490 F.3d 575, 577 (7th Cir. 2007). Id. at 578 (citations omitted). Significantly, the Supreme Court has held that "a substantive crime, and a conspiracy to commit that crime, are not the 'same offense' for double jeopardy purposes." *United States v. Felix*, 503 U.S. 378, 389 (1992).

Here, Counts 12 and 13 of the Initial Indictment, which Cooper pled guilty to as part of a blind plea, charged Cooper with knowingly and intentionally possessing with the intent to distribute on May 1, 2001, 62 grams of cocaine and 9.2 grams of cocaine base in violation of 18 U.S.C. § 841(a)(1). Count 1 of the Second Superseding Indictment alleged that beginning in or about 1994 to December 2001, Cooper conspired with others knowingly and intentionally to distribute and to possess with intent to distribute in excess of five kilograms of cocaine and in excess of 50 grams of cocaine base. Count 1 includes the May 1, 2001, deliveries of drugs as part of the allegations of the conspiracy.

However, as already noted above, a substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes. Thus, the fact that Count 1 of the Second Superseding Indictment (the conspiracy count) and Counts 12 and 13 (the substantive violations) are based on the same facts or "course of conduct," as Cooper contends, does not constitute a violation of the double jeopardy clause. In turn, then, it does not matter for purposes of double jeopardy that Cooper was sentenced on Counts 12 and 13 prior to being found guilty of and sentenced for conspiracy in Count 1. Because the conspiracy and the substantive crime are not the same offense, a double jeopardy concern is not implicated. This would be true even if the government had brought the charges in entirely separate cases. Thus, because the double jeopardy argument is meritless, Cooper cannot meet his burden of showing ineffective assistance of counsel for failing to raise the argument. Cooper's § 2255 motion is denied.

RH/p