MH

Cortez Cooper
Reg #14046-424-C
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072-1000

Petitioner Pro Se

**FILED**
3-18-2008
MAR 1 8 2008
MB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 07 C 6567 |
| Plaintiff/Respondent, ) | |
| ) | **MOTION FOR RECONSIDERATION** |
| v. ) | **PURSUANT TO FED.R.CIV.P 59(e)** |
| ) | **TOGETHER WITH NOTICE OF APPEAL** |
| CORTEZ COOPER, ) | **AND REQUEST FOR COA** |
| Defendant/Petitioner, ) | |

To the Honorable Blanche M. Manning, District Court Judge,

Nothern District of Illinois:

Petitioner Cortez Cooper hereby respectfully moves this Court

to reconsider the Court's Order, of February 28, 2008, denying

Cooper's 28 U.S.C. § 2255 motion.  This motion is made and

submitted on the basis that this Court has misapplied the law

to the facts in Cooper's case.  Out of an abundance of caution,

should this Court fail to grant Cooper's motion for reconsideration,

Copper hereby serves notice that he wishes to appeal this Court's

denial of his § 2255 motion and hereby respectfully moves this

Court to grant a COA in this matter.

I

**ARGUMENT AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION**

This Court correctly sets forth the factual events upon which

Cooper's double jeopardy claim is based.  This Court's recitation of the facts, however, fails to note: 1) that Cortez Cooper was not prosecuted for the preserved counts of the First Superseding Indictment, but was instead prosecuted on a new Second Superseding Indictment, brought after Cooper was sentenced to Counts 12 & 13 of the Original Indictment; and 2) that the conspiracy charged against Cooper in the Original Indictment, the First Superseding Indictment and the Second Superseding Indictment, are identical.

Based on the foregoing, Cooper respectfully submits that he was "previously prosecuted" for the conspiracy count and several of the other counts contained in the Second Superseding Indictment.

Cooper's position is based on the fact that the government asked the court to sentence him to Count 12 and 13 of the Original Indictment and at sentencing preserved the unresolved Counts of the already existing First Superseding Indictment.  However instead of prosecuting Cooper under the already existing First Superseding Indictment, which would not have violated the double jeopardy clause, the government dismissed the First Superseding Indictment and moved forward with a Second Superseding Indictment.  Defendant Cooper respectfully submits that the fact that a Judgment and Commitment Order was issued pursuant to his 120 month sentence, including a remand to the United States Marshal, means that jeopardy attached.  Plainly stated, Cortez Cooper has been "previously prosecuted" for the conspiracy count and other counts of the Second Superseding Indictment which were identical to counts brought in either the Original Indictment or the First Superseding Indictment. Thus this is not a double jeopardy claim based on the fact that Cooper had been previously convicted of substantive offense and a conspiracy

-2-

which includes said substantive offense. Thus <u>United States v. Felix</u>, 503 U.S. 378, 389 (1992) does not foreclose Cooper's double jeopardy claim as asserted by this Court in its Order denying Cooper's § 2255 motion.

## II

## CONCLUSION

WHEREFORE Cooper respectfully requests that this Court withdraw its Order denying his 28 U.S.C. § 2255 motion and enter a new Order granting Cooper's double jeopardy claim. In the alternative Cooper hereby serves notice of his intent to appeal this Court's decision denying his § 2255 motion and respectfully moves this Court to grant a COA in this matter.

DATED: March 13, 2008                     Respectfully Submitted,

                                          _Cortez Cooper_
                                          Cortez Cooper

## PROOF OF SERVICE

I hereby certify that on this <u>13th</u> day of <u>MARCH</u> 2008 the original plus <u>1</u> copies were mailed first-class postage prepaid to:

| | and one copy to: |
|---|---|
| CLERK OF COURT | U.S. ATTORNEY |
| 219 S. DEARBORN ST. | 219 S. DEARBORN ST. |
| CHICAGO, IL 60604 | 5th FLOOR |
| | CHICAGO, IL 60604 |

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that I am the applicant in this action, that I have read this application, and that the information contained in this application is true and correct pursuant to 28 U.S.C. § 1746.

## PROOF OF FILING

Pursuant to Federal Rules of Appellate Procedure, Rule 25(a)(2)(c), "A paper filed by an inmate confined in an institution is timely filed if deposited in the institution's internal mail system on or before the last day for filing. Timely filing of a paper by an inmate confined in an institution may be shown by a notarized statement or declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid."

Respectfully submitted,

*Arty Cooper*