## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6567 | **DATE** | April 8, 2008 |
| **CASE TITLE** | *United States v. Cooper* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the petitioner's motion to reconsider and request for issuance of a certificate of appealability [11-1] are denied. With respect to Mr. Cooper's appeal from the denial of § 2255 relief, the court notes that it must consider any requests for leave to proceed in forma pauperis on appeal in the first instance. This means that if Mr. Cooper wishes to seek leave to proceed on appeal in forma pauperis, he must file a appropriately supported motion with this court, as opposed to the appellate court.

■[ For further details see text below.]

Docketing to Mail Notices

00:00

## STATEMENT

Before the court is Cortez Cooper's timely motion pursuant to Fed. R. Civ. P. 59(e) to reconsider the denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and his request for a certificate of appealability. The court addresses each in turn.

In his motion to reconsider, Mr. Cooper contends that the court misapplied the law to the facts of this case and relies on arguments previously made to and rejected by the court. The court disagrees that it misapplied the law and so, for the reasons stated in its order of February 28, 2008, denies the motion to reconsider.

Mr. Cooper also seeks a certificate of appealability in the event that the court denies his motion to reconsider. Under 28 U.S.C. § 2253(c)(2): " (1) [a] certificate of appealability may be issued only if the prisoner has at least one substantial constitutional question for appeal; (2) [t]he certificate must identify each substantial constitutional question; (3) [i]f there is a substantial constitutional issue, and an antecedent non-constitutional issue independently is substantial, then the certificate may include that issue as well; (4) [a]ny substantial non-constitutional issue must be identified specifically in the certificate; [and] (5) [i]f success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

Moreover, when the court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessments of the constitutional claims debatable or wrong" or that the issues presented were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citations omitted).

Because this court does not believe that reasonable jurists of reason would find this court's assessments of Mr. Cooper's double jeopardy and ineffective assistance of counsel claims debatable or that the issues presented were adequate to deserve encouragement to proceed further, the court denies the request for a certificate of appealability.

RH/p